IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                            OPINION AND ORDER

                 Plaintiff,

                                                            10-cv-295-bbc

    v.

TREVOR RYAN,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Trevor Ryan has filed a motion for post conviction relief under 28 U.S.C. § 2255, alleging that his conviction was obtained in violation of his rights under the Fourth, Fifth and Sixth Amendment. The motion appears to be untimely on its face, because it was filed on June 1, 2010, more than one year after defendant's conviction became final on March 22, 2009. However, defendant argues that the motion is timely because the applicable one-year limitations period was tolled, for two reasons; first, because he was unable to prepare a motion for three months after he was sentenced because he was in transit for the entire period; and second, because he filed what he calls a "defective motion" on February 17, 2010, which, he maintains, stopped the time from running from then until it was ruled on in June.

1

I conclude that neither of these alleged grounds for tolling suffices in defendant's circumstances. Assuming as I do that defendant was moving from place to place for almost three months before he arrived at the institution in which he is now housed, the law in this circuit is clear that such an impediment does not amount to the kind of extraordinary circumstance that might warrant equitable tolling. Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from counsel, language barrier, lack of legal knowledge and transfer between prisons), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir.2001). See also Mondrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (mental incapacity of counsel did not justify equitable tolling); Marcello, 212 F.3d at 1010 (equitable tolling not warranted by unclear law). The court of appeals has yet to find any circumstances sufficiently extraordinary as to justify tolling. From the cited cases, it is evident that the court would not find anything extraordinary about the three months that defendant spent in transit. He might have been unable to prepare a post conviction motion during those three months, but he had from early June 2004 until March 22, 2010 in which to file one. He has not shown that anything about those nine months prevented him from filing. The fact that he was able to file a notice of appeal from his sentence on February 17, 2010, is a strong indication that he could have filed a challenge to his conviction and sentence as well.

Defendant relies on the notice of appeal as a second ground for tolling, arguing that

2

this appeal was a "defective motion" that should be viewed as a motion under 21 U.S.C. § 2255." For this proposition he relies on Owens v. United States, 236 F. Supp. 2d 122 (D. Mass. 2002), a case in which the district court noted that there have been circumstances in which courts have found equitable tolling of the limitations period for post conviction motions when the movant has actively pursued his judicial remedies by filing a pleading during the statutory period that proved later to have been defective. Id. at 126. The court cited Irwin v. Dept. of Veterans Affairs, 498 U.S. 89 (1990), in which the Court did not find equitable tolling in the case before it, but cited three civil cases in which the filing of a defective pleading had tolled the limitations period. Two of these were cases in which the plaintiff had filed a timely complaint but in the wrong court, Burnett v. New York Central R. Co., 380 U.S. 424 (1965) (finding Federal Employers' Liability Act limitations period tolled by plaintiff's timely filing of action in state court of competent jurisdiction and service of process made upon opposing party, despite state court's dismissal of case for improper venue), and Herb v. Pitcairn, 325 U.S. 77 (1945) (holding FELA case commenced within limitations period even though it was filed in court that could not proceed to judgment, so long as state law or practice permitted transfer of case to court that did have jurisdiction). The third case was one in which the plaintiffs had filed a timely class action only to have it dismissed for failure to meet the requirement of numerosity. American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) (holding that although class action treatment was denied,

3

filing of complaint tolled filing time for class members).

As even this cursory review of the cases cited in Irwin demonstrates, not every "defective motion" tolls the running of a limitations period. In the three cited cases, the motions were complete on their face and sufficient to give notice to the defendants of the claims being asserted. This was not the case with the notice of appeal that defendant filed in this case. Dkt. #56, case no. 08-164-bbc. The notice gave no indication that it was intended to be anything but an appeal from defendant's sentence. Defendant titled it as a "notice of appeal pursuant to 18 U.S.C. § 3742." Section 3742 sets out four situations in which a defendant can appeal from "an otherwise final sentence." Defendant specified on the face of the motion that he was challenging his sentence as "imposed as a result of incorrect Guidelines" and that his appeal was timely because the usual time limit for filing an appeal did not apply to challenges filed under § 3742. Id. (The court of appeals disagreed with him when it dismissed his appeal as untimely.)

This might be the end of the analysis, but for the question raised by the cases in which the court of appeals has admonished the district courts to review post conviction filings from pro se litigants to determine whether they are intended to be challenges to a conviction, even if they are titled as § 2255 motions. If they seem to be of that ilk, the district court is to advise the litigant that this is his one chance to raise any and all challenges to his sentence, give him an opportunity to amend his challenge and remind him of the one-

4

year limitations period in which he must file. E.g., United States v. Evans, 224 F.3d 671, 674-75 (7th Cir. 2000); O'Connor v. United States, 133 F.3d 548, 550-51 (7th Cir. 1998). In this case, defendant's notice of appeal was not construed as a challenge to his conviction and sentence; if the procedure prescribed in Evans and O'Connor should have been followed, perhaps defendant has a claim for tolling on the ground that he thought he had filed the necessary motion to obtain a review of his conviction.

Even giving the notice of appeal a liberal reading, however, I cannot say that it was error to interpret it as nothing more than a late notice of appeal. Not only is that the title it bears, but defendant emphasized that it was timely because the ten-day time limit did not apply. (The time for filing an appeal had been extended to fourteen days, Fed. R. App. P. 4(b)(A)(i), before defendant filed his notice of appeal but it was still ten days when he was convicted.) He added that he challenged "the validity of his conviction, sentence, fines, and does not attack the whole of his plea agreement." Dkt. #56, case no. 08-cr-164-bbc. Most important, the filing of this appeal would not have prevented defendant from later filing a timely post conviction motion, which is the harmful consequence at which the holdings in Evans and O'Connor are aimed.

ORDER

IT IS ORDERED that defendant Trevor Ryan's motion for post conviction relief is

DENIED as untimely under 28 U.S.C. § 2255.

Entered this 15th day of June, 2010.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge

7