IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

TREVOR K. RYAN,

                Defendant.

ORDER

10-cv-295-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This motion for post conviction relief is before the court on one question: is it necessary to hold an evidentiary hearing to determine whether defendant is entitled to take an untimely appeal from the sentence imposed on him on March 10, 2009.  Defendant is alleging in his post conviction motion that he asked his retained counsel to appeal his sentence, that his counsel never took an appeal on his behalf and that defendant did not know that counsel had failed to file an appeal until sometime in June 2009, after he had arrived at Taft Correctional Institution, where he had access to a law library and to his legal materials.

I conclude that enough matters are in dispute that an evidentiary hearing is necessary.

1

BACKGROUND

Defendant was charged in this court with one count of possession with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1).  He retained William Kroger from California as his counsel; in turn, Kroger hired Madison lawyer Michele Tjader as local counsel.  Plaintiff entered a plea of guilty to the charge on December 28, 2008; he was sentenced on March 10, 2009.  He did not take an appeal from his sentence within the 10-day deadline in effect at the time.  (The deadline has since been increased to 14 days.  Fed. R. App. P. 4(b)).

On February 17, 2010, defendant filed a notice of appeal from his sentence, arguing that the court had relied on the wrong guidelines in sentencing him.  On or around April 8, 2010, the court of appeals allowed Tjader to withdraw as counsel for defendant and appointed the Public Defender for the Central District of Illinois to take her place.  On June 1, 2010, the court of appeals allowed counsel to withdraw as appointed counsel and dismissed defendant's appeal as untimely.  Also on June 1, 2010, purely by coincidence, defendant filed a motion to vacate in this court, setting forth a number of reasons why he believed that he had been deprived of his constitutional rights in connection with his conviction, one of which was that his counsel had failed to take an appeal on defendant's behalf from the sentence and another was that counsel had failed to inform him of the 10-day deadline for filing an appeal.  I denied this motion as untimely, even though defendant

2

argued that he had lost three months of his one-year period for filing a post conviction motion because he was in transit until early June 2009. He also argued that his "defective" notice of appeal stopped the time for filing a motion to vacate from running. I rejected this argument as well.

Defendant appealed the denial, arguing that this court should have given him an evidentiary hearing on his claim that one or both of his lawyers deprived him of the right to counsel by not filing the notice of appeal that he had requested. He argued that the court made a second error when it found his motion untimely. The court of appeals held that if defendant could show that he had asked counsel to file a notice of appeal and counsel failed to do so, he would be entitled to take a late appeal. (The court would vacate defendant's sentence and conviction and reimpose it to allow him to take a direct appeal.) It found also that defendant had made a plausible claim that his motion was not untimely: if he could show that a reasonably diligent prisoner in his situation would need at least two months to learn that his lawyer had not filed an appeal on his behalf, then the limitations period would not start to run before that time. Alternatively, the period might not have started to run until defendant arrived at an institution in which he had access to a law library.

The court of appeals pointed out that § 2255(f) gives federal prisoners a one-year period in which to file a motion for post conviction relief and then spells out the starting points for the year. The usual one is the date on which the conviction became final, §

3

2255(f)(1), but the statute provides for two others relevant to defendant's motion: the date on which government-created impediment has been removed "if the movant was prevented from making a motion by such governmental action," § 2255(f)(2); or the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4).

The court declined to decide how much time a diligent prisoner in defendant's shoes would have needed to discover that no appeal had been filed on his behalf. After considering what other courts had said on the subject, it suggested that two months might be reasonable but it emphasized that the determination was a fact-intensive one. United States v. Ryan, 657 F.3d 604, 608 (7th Cir. 2011). In defendant's case, the district court would not need to "decide precisely how long is too long if it can safely say that, wherever the line is, [defendant] lies on one side or the other." Id

After the court of appeals' decision issued, this court appointed counsel to represent defendant and the magistrate judge held a scheduling conference with the parties, setting deadlines for submitting briefs on the need for an evidentiary hearing.

OPINION

Defendant contends that, because the government has not opposed two of the three grounds on which he relies, the court need not hold an evidentiary hearing to determine that

4

he is entitled to an order reversing his conviction and sentence.  I am not persuaded that this is a fair reading of the government's brief.  I did not understand the government to be conceding any issues, only saying that the determination of defendant's right to an appeal rises or falls on the question whether defendant asked counsel to take an appeal.

Defendant contends that even if he never asked his counsel to take an appeal on appeal, the court could find that his counsel was constitutionally ineffective under Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000), in which the Court held that counsel must consult with their clients about appealing "where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  He argues that a minimally effective lawyer would have known that a rational person in defendant's position wanted to appeal.   Therefore, defendant believes that the issue can be decided without taking evidence about whether he asked Kroger explicitly to take an appeal.  After all, he says, the government has not denied that the circumstances were such that any "rational defendant would have wanted to appeal."  The flaw in this argument is that if defendant did not make a specific request to appeal, he would have no grounds for arguing that he is entitled to a delay in the running of his one-year opportunity to appeal.  If he never asked his lawyer to take an appeal, what reason would he have for thinking that counsel had done so?

5

On the other hand, if defendant did not ask his counsel to take an appeal, he can argue that he should have had the full year to which he is entitled to research the law and learn that counsel had a duty to consult with him about an appeal. In that circumstance, it will be necessary to determine exactly when defendant was first housed in an institution in which he was able to use the law library.

In short, I am persuaded that an evidentiary hearing should be held at which defendant can testify about what he did and what he knew or did not know about the filing of an appeal and Kroger and Tjader can testify about any conversations they had with defendant and their reasons, if any, for thinking he did not want to appeal. As for evidence of any government-created impediment to appealing, defendant can testify to what he experienced between his sentencing and his arrival at the institution where he first had access to a law library. It will not be necessary for government officials to testify on this issue; the government can rely on affidavits from knowledgeable sources about defendant's transfer and his access or lack of access to law libraries and to his legal materials. If in fact the government meant to concede in its brief either that the year that defendant had for filing did not begin until he reached an institution where he had access to a law library or that the year did not begin until defendant had reason to know that his counsel had not filed an appeal in his behalf, or both, then it will not be necessary to take any evidence on either of these two points. The government should advise defendant's counsel and the court of

6

exactly what its position is on these issues.

ORDER

IT IS ORDERED that an evidentiary hearing will be held in this case.  The parties are to confer with each other and the clerk's office about a date and time for the hearing.  The government is to advise defendant's counsel promptly of its position relating to defendant's time for filing his post conviction brief.

Entered this 22d day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge